HENRY HOLSTON

*v.*

THOMAS B. NEEDLES.

*Filed at Mt. Vernon January 25, 1886.*

1. DESCRIPTION—BOUNDARIES—*place of beginning.* Lots 6 and 9, the first being north of the other, were each 82½ feet wide from east to west, and 132 feet deep from north to south. A deed for a strip off the east side of these lots described the premises conveyed as "beginning at the north-east corner of said lots 6 and 9:" *Held,* that the two lots were to be regarded as an entire tract, and that the boundary commenced in fact at the north-east corner of lot 6.

2. SAME—*rejecting inconsistent words in description.* Another deed for the same property described the boundary as "beginning at the north-east corner of said lots 6 and 9, thence south to the south-east corner of lot 9, thence west 22½ feet, thence to a point on the north line of lot 6, and thence 22½ feet west of the north-east corner of said lot 6, thence east to the place of beginning:" *Held,* that "thence," after the word "and," was an evident mistake of the scrivener, and should be rejected as surplusage, and that the deed conveyed a strip of land 22½ feet wide off the east side of the lots.

3. In descriptions of lands in deeds, that which is false or repugnant will be rejected to effectuate the intention of the grantor.

4. EJECTMENT—*demand of possession—whether necessary—and herein, what constitutes a wrongful possession.* Where possession of land has been acquired by the assent of the owner, and has been long continued, the holding of possession will not be wrongful until demand is made. The rule is different when the entry was wrongful in its inception, or has become so afterward. In the latter case no demand is necessary before ejectment may be maintained.

5. Two owners of adjoining portions of a lot agreed to the building of a partition wall, one-half of which was to be on the ground of each, and the defendant who superintended the building of the same made an incorrect statement as to the number of feet of the lot he owned, and thereby the surveyor employed by him, in the absence of the other owner, located the division line nearly one foot on the plaintiff's premises, and the wall was built accordingly: *Held,* in ejectment to recover the strip of land of the plaintiff beyond the center of the wall, that the defendant must be held to have obtained the possession thereof unlawfully, and no demand was necessary before bringing the action.

APPEAL from the Circuit Court of Washington county; the Hon. GEORGE W. WALL, Judge, presiding.

Mr. JAMES A. WATTS, and Mr. DANIEL HAY, for the appellant.

Mr. P. E. HOSMER, and Messrs. ROUNTREE & AKIN, for the appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This is an action of ejectment, brought by appellee, against appellant, in the circuit court of Washington county, to recover possession of "a piece of land one (1) foot in width, on the west side of a piece of land 22½ feet in width off the east side of lot six (6), in block five (5), in the city of Nashville," in said county. A. B. Johnson was the common source of title. Plaintiff introduced in evidence three deeds: First, a deed from A. B. Johnson to John Bell and Hiram N. Rountree, dated April 7, 1863, and conveying "the east part of lots 6 and 9, in block 5, in the town of Nashville, in said county, beginning at the north-east corner of said lots 6 and 9, thence south, to the south-east corner of lot 9, thence west 22½ feet, thence north to a point on the north line of lot 6, and 22½ feet west of the north-east corner of said lot 6, thence east to the place of beginning;" second, a deed dated August 19, 1867, from Bell to Rountree, conveying "the undivided half of the east part of lots 6 and 9, in block 5, in the town of Nashville, in said county, beginning at the north-east corner of said lots 6 and 9, thence south to the south-east corner of lot 9, thence west 22½ feet, thence to a point on the north line of lot 6, *and thence* 22½ feet west of the north-east corner of said lot 6, thence east to the place of beginning;" and third, a deed from Hiram N. Rountree to appellee, dated May 31, 1882, and conveying "22½ feet in width from east to west off east side of lots 6 and 9, extending the full length of said lots, in block 5, in the town (now city) of Nashville."

The first deed is objected to on the ground that the words, "beginning at the north-east corner of said lots 6 and 9," indicate an uncertain beginning. Lot 6 lies north of lot 9, the south line of lot 6 being the north line of lot 9. The lots are $82\frac{1}{2}$ feet in width from east to west, and 132 feet in depth from north to south. It is true that the two lots do not both have the same north-east corner, but the two lots are to be regarded here as one tract $82\frac{1}{2}$ feet wide and 264 feet deep, and it is from the north-east corner of this tract, composed of the two lots, that the description begins. It is certain that the deed conveys the east part of lots 6 and 9, and that the east part is $22\frac{1}{2}$ feet wide. Anything militating against this will be treated as surplusage, or it will be read as beginning at north-east corner of lot 6, thence south to the north-east corner of lot 9, thence still on to the south-east corner of lot 9, thence west $22\frac{1}{2}$ feet, etc., and all parts of the description are operative. The objection is not well taken.

The second deed is objected to for uncertainty on account of the following portion of the description : "thence to a point on the north line of lot 6, and *thence* $22\frac{1}{2}$ feet west of the north-east corner of said lot 6, thence east to the place of beginning." It is evident that the scrivener made a mistake, and wrote the word "thence" after "and," when it should have been omitted. The "point" intended to be described was a point "on the north line, and $22\frac{1}{2}$ feet west of the north-east corner." It is noticeable that the conjunction "and" connects no other clauses in the description except the two here indicated,—it does not elsewhere precede the word "thence." And if the word "thence," which follows the conjunction, is to be retained, it must be referred to the same starting point as the word "thence" which next precedes it,—that is to say, a point $22\frac{1}{2}$ feet west of the south-east corner of lot 9, so that the meaning of the description would be as follows : from a point $22\frac{1}{2}$ feet west of the south-east corner of lot 9 to a point on the north line of lot 6, $22\frac{1}{2}$ feet west of the north-east

corner of said lot 6. But the word "thence," which is thus preceded by the conjunction "and," may be rejected as surplusage. In descriptions of lands in deeds, "that which is false or repugnant will be rejected to effectuate the intention of the grantor." (*Swift* v. *Lee,* 65 Ill. 336; *Kruse* v. *Wilson,* 79 id. 233.) We think the second deed conveys a strip of land $22\frac{1}{2}$ feet wide, and that it is the same strip conveyed by the first deed. By the three deeds appellee proved his title to the east $22\frac{1}{2}$ feet of the lots.

Appellant owned the remaining 60 feet of lot 6 lying west of the $22\frac{1}{2}$ feet owned by appellee. A party wall eighteen inches wide was built between the two properties. The proof shows that appellee permitted the wall to be erected under the belief that only one-half of it was to rest upon his portion of the lot. If this had been the case, the center of the wall would have been $22\frac{1}{2}$ feet from the north-east corner of lot 6; but as matter of fact the center of the wall is only twenty-one and seventy-one and one-half one-hundredths of a foot from the north-east corner. The difference is seventy-eight and one-half one-hundredths of a foot. Judgment was rendered below in favor of appellee, and that he recover of appellant said seventy-eight and one-half one-hundredths of a foot.

It is claimed by appellant that his entry was lawful, and therefore that notice to quit should have been given to him, or demand made of him for the possession. Appellee insists, on the other hand, that appellant "unlawfully took and holds possession," so that no such demand or notice was required. Where possession of lands has been acquired by the assent of the owner, and has been long continued, the holding of possession may not be wrongful until demand of possession has been made. A different rule, however, prevails where the entry was wrongful in its inception, or has become so afterwards. *Chicago, Burlington and Quincy Railroad Co.* v. *President and Trustees of Knox College,* 34 Ill. 195; *Murphy* v. *Williamson,* 85 id. 149.

Four property owners in block 5, Brown, Krughóff, appellant and appellee, were building together. Appellee was away from home while the building was going on, returning once a week, and, generally, Saturday evening. Brown, Krughoff and appellant employed a surveyor to make a survey of the lots before beginning the erection of the buildings. The surveyor proposed to go to the records and examine the deeds, to ascertain the interests of the parties, but appellant stated that such search of the records was not necessary, and that his deed gave him 61 feet of lot 6, which would leave only $21\frac{1}{2}$ feet for appellee. Relying on this statement of appellant, the surveyor made his survey on the basis of 61 feet to appellant, and $21\frac{1}{2}$ feet to appellee. There was a surplus in the block, of which he gave eighty-two and one-half one-hundredths of a foot to lot 6, assigning sixty-one and one-half one-hundredths thereof to appellant, and twenty-one and one-half one-hundredths thereof to appellee, so that the total interest of the latter was fixed at twenty-one and seventy-one and one-half one-hundredths of a foot. Appellee was not present when the building line was fixed, nor when the foundation of the wall was laid, and he knew nothing about the survey until long after it was made. No one represented him, and he left it to the other owners to attend to the building. Appellant seems to have been the most active in employing the men and managing the business. He insisted very positively to appellee that his deeds called for 61 feet. Although appellee agreed with appellant to build a partition wall, yet nothing was said to him about where the wall should be located, and he "supposed it was being built one-half on each side of the line." After the building was done, appellant admitted that he had a foot too much,—a foot of appellee's ground.

There is nothing to show that appellee ever agreed to having more than half the wall on his land. Therefore possession of the seventy-eight and one-half one-hundredths of a foot for

which judgment was rendered was not taken nor entry thereon made with his consent. Appellant did not own 61 feet of the lot, because it contained only 82½ feet, and the deeds of appellee show him to be owner of 22½ feet. Therefore appellant made a statement to the surveyor and to appellee which was not true in fact. Owing to the incorrectness of such statement the surveyor made a wrong survey, and appellee suffered more than his own just share of the wall to be built upon his lot. Appellant did not introduce any evidence on the trial below. He did not even take the stand to say that he honestly believed himself to be the owner of 61 feet, when he so represented. As the record stands, he must be held to have obtained possession of the seventy-eight and one-half one-hundredths of a foot in question unlawfully, by misstating the extent of his own interest.

The judgment of the court below is affirmed.

*Judgment affirmed.*