(No. 24508

La Verna Speroni, Appellant, *vs.* The Board of Appeals of the City of Sterling *et al.* Appellees.

*Opinion filed April 20, 1938—Rehearing denied June 8, 1938.*

SIM T. MEE, for appellant.

WALTER J. STEVENS, City Attorney, and WARD, WARD & SCHEINEMAN, for appellees.

SHELDON & BROWN, for intervenors.

Mr. JUSTICE ORR delivered the opinion of the court:

The petition of La Verna Speroni for permission to erect an apartment building in Sterling, Illinois, was denied by the city council and later by the board of appeals because the proposed building did not comply with the requirements of zoning and fire ordinances. The decision of the board was reviewed by the city court of Sterling on a writ of *certiorari* and the order was affirmed. An appeal has been brought directly to this court, the city court having certified that the validity of the zoning and fire ordinances is involved.

The Sterling zoning ordinance divides the city into districts of three types,—industrial, commercial and residential,—and restrictions, varying with each district, are imposed upon the use of real estate within the city. Mrs. Speroni contends that this ordinance is unconstitutional in its entirety, and also that restrictions upon the use of property in residential districts are arbitrary and deny due process of law.

Section 3 of the zoning ordinance authorizes the board of appeals to vary or modify the application of the ordinance in particular cases where in the opinion of the board there are practical difficulties or unnecessary hardships in carrying it out. This section was enacted pursuant to authority granted by the legislature in section 3 of the Zoning act (Cahill's Stat. 1931, chap. 24, par. 523) and is in almost identical language. In *Welton* v. *Hamilton*, 344 Ill. 82, section 3 of the Zoning act was held by this court to be an unconstitutional delegation of power by the legislature to an

administrative body and consequently section 3 of this ordinance is invalid for the same reason. The invalidity of this provision, however, does not render the ordinance unconstitutional *in toto;* its remaining provisions must be scrutinized.

Mrs. Speroni contends that boundary lines of the respective districts are inaccurate and indefinite and, hence, the ordinance is invalid because of uncertainty. In section 3, paragraph 2, the boundary of the commercial district is described in part as "thence southerly along the center line of B avenue to its intersection with the center line of West Second street." The official map of Sterling introduced into evidence shows no West Second street and Mrs. Speroni contends that an uncertainty thereby exists as to the amount of territory included in the commercial district. It appears from the map that the street labelled "E. Second street" extends for some distance west of Locust street. Section 1 of the ordinance naming the streets in Sterling provides that streets running east and west shall be numbered First street, Second street, and so on, and that "those portions of said streets west of said Locust street shall be known as West Second street, West Third street, and so on," etc. Thus, the boundary described in the zoning ordinance can be determined from a reading of the map and the provision of the ordinance above quoted, and for that reason Mrs. Speroni's claim of ambiguity must be rejected.

Section 2, paragraph 2 continues: "Thence westerly to the intersection of the center line of Eleventh avenue and the southerly line of lot 3, block 53." Although the southerly line of lot 3, block 53, and the center line of Eleventh avenue do not intersect, the intent of the city council is clear. The southerly line of lot 3 may be projected until it intersects with the center line of Eleventh avenue under established rules of construction. (18 Corpus Juris, 185.) Where deeds are involved, this court has held that minor inaccuracies or surplusage will not vitiate the effect of the conveyance where the intent of the grantor can be made

effective. (*Holston* v. *Needles,* 115 Ill. 461.) By analogy this rule is applicable here. Plaintiff's contention that an uncertainty exists in the description just quoted cannot be sustained.

A subsequent provision in section 2, paragraph 2, sets off a commercial district in the center of a larger residential district. Plaintiff again contends that ambiguities in the description of the boundaries of this district result in uncertainty. Assuming that such ambiguities exist, the commercial district described is so far from plaintiff's property that she cannot possibly be prejudiced. A zoning ordinance may be constitutional, in general, and yet invalid as applied to particular property. (*Ehrlich* v. *Village of Wilmette,* 361 Ill. 213.) Plaintiff has not shown any injury to her because of the alleged ambiguities and thus she is not entitled to relief. For a similar reason, her contention that the ordinance is arbitrary and unreasonable because some boundary lines bisect a number of lots cannot be sustained. Her lot is not so divided and no prejudice to her is shown.

Mrs. Speroni's principal objection is directed to section 5 of the ordinance which provides that only single and two-family houses may be built in residential districts. She contends that this provision is an unreasonable and improper exercise of the police power and invades her rights as a property owner. The power of a municipality to impose reasonable restraints upon the use of private property by means of zoning ordinances has been repeatedly recognized by this court. (*People* v. *City of Rockford,* 363 Ill. 531, and cases cited.) While such restraints must not be arbitrarily imposed and are subject to review by the courts, (*Merrill* v. *City of Wheaton,* 356 Ill. 457,) we have held that it is primarily the function of the municipality to determine "the line of demarcation as to the use and purpose to which property shall be assigned or placed." (*Michigan-Lake Building Corp.* v. *Hamilton,* 340 Ill. 284.) Where

the unreasonableness of restrictions imposed is not clearly shown, this court will not substitute its judgment for that of the group to whom the determination of the restrictions was entrusted by the legislature. *Minkus* v. *Pond,* 326 Ill. 467; *Forbes* v. *Hubbard,* 348 id. 166.

This court has held that the exclusion of apartment buildings from districts primarily devoted to residences is a proper exercise of the police power. (*Minkus* v. *Pond, supra.*) While a municipality may not expressly prohibit the erection of apartment buildings or restrict permissible locations to districts unfit for human habitation or already overcrowded with buildings of a permanent nature, the record indicates that such is not the effect of the ordinance challenged here. By its provisions, apartment buildings may be built in commercial or industrial districts. It appears from the stipulated facts in the record that both districts contain substantial areas covered by residential property and that desirable sites are available upon which apartment buildings may be erected. Under the circumstances here shown, we believe the ordinance is a reasonable exercise of the police power.

Plaintiff also complains that if she is forced to build in a commercial district, under the provisions of the ordinance she will be required to devote a small portion of any property she might purchase to front and rear yards, and that this is an unreasonable restriction upon the use of commercial property. Courts, however, recognizing that light and air are necessary to health and comfort, have upheld reasonable restrictions upon the bulk of human habitations (43 Corpus Juris, 338) and there is no evidence in the record here that the restrictions imposed are unreasonable.

Because plaintiff failed to comply with the provisions of the zoning ordinance, her application for a building permit was properly denied. In view of our decision on this issue, it is unnecessary for us to determine the validity of the fire ordinance. Nor is it necessary for us to determine

whether defendants Zelma Jones and M. C. Williams were properly admitted as intervenors, since no prejudice to plaintiff is shown.

The judgment is affirmed. *Judgment affirmed.*