(No. 35922.—

BUILDERS SUPPLY & LUMBER Co., Appellee, *vs.* THE CITY OF NORTHLAKE, Appellant.

*Opinion filed December 1, 1960.*

EDWARD B. O'SHEA, JR., and ROBERT IRM·GER, both of Chicago, for appellant.

HOELLEN & WILLENS, of Chicago, (SHERWIN WILLENS, of counsel,) for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Plaintiff, Builders Supply & Lumber Co., brought suit for declaratory judgment in the circuit court of Cook County to declare the zoning ordinance of the city of Northlake null and void as it applies to plaintiff's property,

or in the alternative that the entire ordinance is null and void. Upon plaintiff's motion for summary judgment the court held the ordinance was null and void as it applies to plaintiff's property. The validity of a municipal ordinance being involved, the defendant city of Northlake appeals directly to this court.

Plaintiff filed its complaint alleging it was the owner of certain vacant property in the city of Northlake; that on May 8, 1956, the city council of the city of Northlake adopted an amended zoning ordinance which classified a portion of plaintiff's property as "Specialty Shop" which permits, among other uses, apartments over stores as the only residential use. The remainder of plaintiff's property was zoned "Residential" which permits one-family dwellings as the only residential use. The zoning ordinance, as amended, made no provision for construction of multiple-family dwellings. Plaintiff is a building contractor and alleged that it desired to erect multiple-family dwellings on its property. The complaint further alleged that plaintiff's property had little value for development of a specialty shop or single-family residences, that the classification of plaintiff's property had no bearing upon public health, safety, comfort, morals or welfare, and that the highest and best use of the property was for multiple dwellings. The complaint was unverified.

The city answered, denying the material allegations of the complaint as to the lack of relationship of the zoning ordinance to the public health, safety, comfort, morals and welfare, and the best use of the property, and prayed that the complaint be dismissed.

Plaintiff moved for summary judgment upon the pleadings and filed an affidavit of one of its attorneys. That affidavit declared that plaintiff owned the subject property, that the property was classified as set forth in the complaint, that Grand Avenue, abutting the property on the south, is a heavily travelled traffic artery, that plaintiff desired to erect

multiple family dwellings, and that the affiant would so testify.

The city moved to strike the motion for summary judgment which was denied. Defendant then filed its counter-affidavit, that plaintiff's property is zoned as alleged, that permits were issued to plaintiff by defendant on December 18, 1958, for a portion of the subject property for the construction of one-story stores.

After argument by counsel the court declared the zoning ordinance of the city of Northlake, as amended, to be null and void insofar as the same prohibited the use of the plaintiff's property for multiple-family dwellings.

Defendant appeals here contending (1) that the court erroneously erred in entering the summary judgment, (2) that the plaintiff failed to meet its burden of proving the zoning ordinance unconstitutional; and (3) that zoning ordinances excluding multiple-family dwellings have been upheld as constitutional.

The defendant first urges that the trial court erred in entering summary judgment for the reason that a genuine controversy remained between the parties subsequent to the filing of affidavits by the parties, and the plaintiff's affidavit for summary judgment failed to meet the requirements of the rule of the court. The statute relating to summary judgments provides in part that "The judgment or decree sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law." Ill. Rev. Stat., 1959, chap. 110, par. 57.

The complaint alleges and the answer admits that the zoning ordinance of the city of Northlake, as amended, makes no provision for the construction of a multiple-family dwelling. The zoning ordinance does not prohibit multiple-family dwellings, but fails to make any provision

for such use. Plaintiff cites us to opinions of this court where we have determined that a zoning ordinance may not exclude or prohibit a legitimate use of the land. (*People ex rel. Trust Company of Chicago* v. *Village of Skokie*, 408 Ill. 397; *Speroni* v. *Board of Appeals of the City of Sterling*, 368 Ill. 568.) Nevertheless the evidence must indicate that the use desired, and excluded, is a legitimate use. The ordinance here in question does not prohibit multiple dwellings, it merely fails to provide for the same. It may well be that multiple dwellings may be a legitimate use of the land in some area or classification within the city of Northlake. If so, the ordinance may be unconstitutional insofar as that area or classification is concerned. The entire ordinance is not, for that reason only, rendered unconstitutional. Thus, to determine whether the ordinance is unconstitutional as it is applied to plaintiff's land, it would be necessary to prove the character of the neighborhood, the classification and the use of nearby property, the extent to which property values are diminished by the particular zoning restrictions involved, the gain to the public compared to the hardship imposed upon individual property owners, and thus determine whether the purported exercise of the police power is unreasonable or confiscatory. (*Galt* v. *County of Cook*, 405 Ill. 396.) The summary judgment of the court below merely determined that this zoning ordinance was invalid as it applied to plaintiff's property.

There are no allegations or affidavits as to the use and classification of surrounding and neighboring properties, the character of the neighborhood, the hardship imposed on plaintiff as compared to the gain to the public, or the extent to which plaintiff's property is diminished in value by this classification. The exclusion of multiple dwellings from this area may well be in the greater public interest, and a proper exercise of the police power. (*Speroni* v. *Board of Appeals of the City of Sterling*, 368 Ill. 568.)

Only evidence upon these factors can so determine. Plaintiff's complaint alleged and defendant's answer denied that the classifications of plaintiff's property had no relation to the public health, safety, comfort, morals or welfare. No evidence was offered by affidavit or otherwise upon these issues.

It is obvious that genuine issues relating to several material facts remained to be determined subsequent to the filing of all pleadings and affidavits. It was necessary for much evidence to be presented to properly determine if this zoning ordinance was unconstitutional in any respect. (Ill. Rev. Stat., 1959, chap. 110, par. 57.) The summary judgment should thus not have been entered.

Moreover, Rule 15(1) of this court (Ill. Rev. Stat., 1959, chap. 110, par. 101.15(1).) provides that affidavits in support of a motion for summary judgment shall set forth with particularly the facts upon which the claim is based, and shall have attached thereto sworn or certified copies of all papers upon which the affiant relies, and shall not consist of conclusions but of facts upon which the affiant relies. Nowhere, either in the pleadings or the affidavit did the plaintiff set forth the complete zoning ordinance as amended, nor was a copy thereof attached. Nor does it appear that the affiant could testify as a witness to all of the matters stated in the affidavit. The facts necessary to a determination of the validity of that ordinance are lacking from both the pleadings and the affidavit. It thus appears that the affidavit was itself insufficient.

The court thus erred in entering summary judgment upon these pleadings and affidavits. It is unnecessary to further consider the other issues raised in the briefs submitted with this cause. The judgment of the circuit court of Cook County is reversed and the cause is remanded, with directions to deny plaintiff's motion for summary judgment and to proceed to trial on the issues of the cause.

*Reversed and remanded, with directions.*