The Village of Bourbonnais, Illinois, a Municipal Corporation, Plaintiff-Appellant, v. Leopold Herbert, and Bourbonnais Rural Fire Protection District, a Fire Protection District, Defendants-Appellees.

Consolidated With

The Village of Bourbonnais, Illinois, a Municipal Corporation, Plaintiff-Appellant, v. H. Glenn Schneider, Sarah H. Schneider, and Bourbonnais Fire Protection District, a Fire Protection District, Defendants-Appellees.

Gen. No. 66–92.

Third District.

August 24, 1967.

Edward G. Vogt, of Kankakee, for appellant.

Wayne P. Dyer, of Kankakee, for appellees.

CORYN, J.

The Village of Bourbonnais has perfected this appeal from a decree entered in a consolidated proceeding dismissing its applications for injunctions to restrain the use of two tracts owned by the individual defendants, and located within the village, for purposes of fire stations by Bourbonnais Rural Fire Protection District, defendant, in alleged violation of a zoning ordinance purportedly enacted March 20, 1962, by said Village of Bourbonnais.

The applicable ordinance is an inclusive one in the sense that at Article V it permits in each of the zoning districts only those uses specifically described as permissible, and prohibits all others. None of the zoning districts described in plaintiff's ordinance permits a fire station, although at Articles XI and XII, such use may be allowed in "Business Districts" and "Manufacturing Districts" by the devise of a special use permit granted in accordance with the provisions of Article XIV. The evidence establishes that no such special permits have been applied for by defendants with respect to the property in question. Accordingly, it is argued by plaintiff that a writ of injunction to restrain defendants from using said property for fire station purposes in violation of said zoning ordinance is appropriate, and should have been granted by the trial court.

■ ■ It appears conceded that defendant fire district, as lessee of the subject premises, has no greater

369

rights than can be derived through its lessors, who are private owners, and no claim of governmental immunity from the application of this zoning ordinance is presented. Cf. Annotation: 61 ALR2d 970, 988. Defendants have attacked the validity of the ordinance, however, on several grounds. Ordinarily, where an ordinance provides a means, through special permit proceedings, by which the restriction alleged to be detrimental might be removed, the owners may not, without exhausting administrative remedies, challenge the validity of that restriction. Bright v. City of Evanston, 10 Ill2d 178, 139 NE 2d 270. But the asserted defect in the ordinance here runs to its enactment, and to its validity as a whole, and not merely to the validity of its application to defendants' property. In this circumstance where the issues run to the validity of the whole ordinance, defendants are not required to pursue the machinery of the ordinance itself for their remedy, and may raise such matters here in defense of an action for its enforcement. Bright v. City of Evanston, supra. Hence, we conclude that the trial court correctly considered the matters raised by defendants in defense of plaintiff's claim for injunction.

■ ■ A municipal ordinance ordinarily is regarded as presumptively valid, and the burden is upon the one assailing it to overcome that presumption. Stemwedel v. Village of Kenilworth, 14 Ill2d 470, 153 NE2d 79, and Ill Rev Stats, c 24, § 1-2-6. The primary issues presented by the evidence offered here to overcome that presumption are (1) whether an ordinance prohibiting an otherwise legitimate use (fire stations) from the entire municipality, except by special permit, is beyond municipal zoning powers, and (2) whether this ordinance was validly enacted.

■ ■ Expressions may be found in People ex rel. Trust Co. of Chicago v. Village of Skokie, 408 Ill 397, 97 NE2d 310 which have been taken to mean that the legislative enabling act does not grant to municipalities

the power to wholly restrict otherwise lawful uses from their boundaries. See e. g. McQuillin, Mun Corp, Vol 8, § 25.119b (Rev Ed, 1965) ; 10 ILP, Cities, Villages, and Other Municipal Corporations, § 1134, p 46. It seems doubtful, however, that the expressions in that case are intended to be read apart from the facts of it. The use involved in that case was one clearly compatible with certain areas of the municipality so that the total exclusion of such use from that municipality was clearly unreasonable. We do not find anything in the case of Builders Supply & Lumber Co. v. City of Northlake, 21 Ill2d 14, 170 NE2d 597, which would lend support to the argument that municipalities must accommodate every legitimate land use, and courts of some other jurisdictions, which have considered the problem, have held to the contrary. See Annotation, 9 ALR2d 683. The rule upheld in the cases cited in said annotation establishes that municipalities, in adopting comprehensive zoning schemes, are not required to set aside portions of territory within their boundaries to accommodate every land use, if some uses are wholly inconsistent with the existing and developing character of the municipality. A different rule seems repugnant to the purposes of zoning. We find support for the suggestion that this rule prevails in Illinois from the case of Kotrich v. The County of Du Page, 19 Ill2d 181, 166 NE2d 601, where the Supreme Court recognized that there are land uses which may be infrequent to a community or area, although legitimate and potentially beneficial, which are nonetheless incompatible with normal uses in existing use districts, and as to these uses approved the special use technique as a permissible means of implementing the zoning powers conferred by statute. While the unlimited application of the special use technique to land uses than can be readily accommodated within ordinary zoning classifications was disapproved, it seems apparent that the various uses which may be appropriately in-

cluded within a "residual category" of special uses, may vary from community to community or area to area. In the case at bar, plaintiff is primarily a residential and business oriented community of little more than 3,000 inhabitants, and with very little industry. We do not think, in that circumstance, that the restriction complained of here is unreasonable, or that it bears no substantial relation to public welfare. Moreover, it does not absolutely prohibit defendants' contemplated use from within the boundaries of the municipality, but provides a means of allowing it in certain areas upon special permit. We think this a reasonable implementation of the special use technique. We also find no merit in defendants' contention that the ordinance is invalid for failure to specify standards governing the issuance of special permits. Kotrich v. County of Du Page, supra.

■ ■ The issue as to whether the ordinance was properly enacted is more serious. The certificate of the municipal clerk to the ordinance printed in pamphlet form under the purported authority of the corporate authorities, and under seal of the corporation, is prima facie evidence of the contents, passage, and legal publication of such ordinances, Ill Rev Stats, c 24, § 1–2–6, but this presumption may be overcome by contrary evidence. The contrary evidence here consists of the minutes of the meeting of the village authorities on March 20, 1962, when the ordinance in question was purportedly passed and adopted. Those minutes, in pertinent parts, recite as follows:

"Ronald LaMontague, Chairman of the Village Planning Commission, presented to the Board the Zoning Ordinance for the Village of Bourbonnais as approved by the Commission. After considering the provision t/s [trustee] McClain moved to *accept* said zoning ordinance, t/s Hudson 2d motion. Motion

372

passed—5 ays—1 nay (t/s Cryer voting negative)."
(Emphasis added.)

The statute is explicit in requiring that for the passage of all ordinances for whatever purpose, the yeas and nays shall be taken upon the question of passage and recorded in the journal of the city or village council. Ill Rev Stats, c 24, §§ 3-11-17 and 1-1-2(8). The statute makes it clear that this requirement contemplates the entering of the names of those voting "yea," and of those voting "nay," and the cases construing this statute have held that nothing short of a record showing a roll call with each individual's vote will suffice. People v. Chicago & N. W. Ry. Co., 396 Ill 466, 71 NE 2d 701. The minutes here recite that the president and six trustees, giving the names of each, were present with the clerk when the meeting was called to order. It does not purport to show who else was present, although it becomes apparent that sometime during the proceeding, Ronald LaMontague, chairman of the Village Planning Commission, was present. It is not clear that those trustees present at the start of the meeting were present when said vote was taken, nor is it clear that the five ayes recorded in the minutes were votes of village trustees. As was said in People v. Chicago & N. W. Ry. Co., supra, this court will not indulge the speculation that the ayes recorded were the votes of the other five trustees shown as present when the meeting opened. Nor is it clear that a vote on a motion to accept an ordinance is a vote on the "question of its passage." In this circumstance, the ruling of the trial court refusing the injunction enforcing the ordinance was, in our judgment, proper.

Other issues were raised in this appeal, but in view of our determination that plaintiff's zoning ordinance was not properly enacted, it is not necessary to herein

discuss these issues. The decree of the Circuit Court, dismissing the application for injunctions, is affirmed.

Affirmed.

STOUDER, P. J. and ALLOY, J., concur.