(No. 31607.—

THE PEOPLE *ex rel.* The Trust Company of Chicago, Trustee, *et al.,* Appellees, *vs.* THE VILLAGE OF SKOKIE *et al.,* Appellants.

*Opinion filed January 18, 1951—Rehearing denied March 19, 1951.*

BRYANT, COLWELL, HWASS & WELLS, HENRY L. WELLS, and CHARLES C. WOOSTER, all of Chicago, (RICHARD A. MUGALIAN, and WALTER F. DODD, of counsel,) for appellants.

PHILIP R. TOOMIN, and JAMES J. GLASSNER, both of Chicago, for appellees.

Mr. JUSTICE FULTON delivered the opinion of the court:

This is an appeal by the village of Skokie from a judgment of the superior court of Cook County, granting to the appellees a writ of *mandamus* commanding the village and its proper authorities to approve an application for a building permit covering the erection by the plaintiffs of an outdoor motion picture theatre and related buildings upon premises owned by the Trust Company of Chicago, as trustee, located in the village of Skokie. The trial judge has certified the validity of a municipal ordinance to be involved and that public interest requires a direct appeal to this court. The appellees are designated in this opinion as plaintiffs and the appellants as defendants.

The plaintiffs filed their original complaint on August 18, 1949, and an amended complaint in December of the same year. The amended complaint alleges in substance that the trust company is the owner and the Skokie Amusement Corporation the lessee of an unimproved tract of land, containing an area of approximately 18 acres on the west side of McCormick Boulevard, near its intersection with Touhy Avenue, in the village of Skokie; that said tract had a frontage of about 824 feet on McCormick Boulevard and a depth of 886 feet; that prior to the year 1936, about one half of said tract was originally excavated to a depth of 40 feet in order to remove clay therefrom in connection with the manufacture of brick on said site;

that thereafter the clay pit and surrounding area was used as a dumping ground for garbage and other refuse, and as a result of such filling a large portion of the tract was increased in height some fifteen feet above the remaining area; that surrounding the said tract are located several tracts of unimproved vacant land and several industrial plants; that McCormick Boulevard is a four-lane paved boulevard but not a major highway carrying through traffic; that on May 7, 1946, the village of Skokie adopted a comprehensive zoning ordinance, classifying, regulating and restricting the uses of trades, industries and location of buildings; that the land above described belonging to appellees was shown on the map as falling wholly within an "H" industrial district; that the plan as outlined in the said ordinance indicates that all of the uses permitted in any of the use districts are likewise permitted in the district containing a lower classification; that, for example, in "E" commercial district, theatres and amusement places were permitted under certain regulations, and accordingly, said uses would be permitted in "F" business district, in "G" light industrial district, as well as "H" industrial district; that the tract of land above described was acquired by plaintiff-trustee on March 18, 1949, and leased by the plaintiff Skokie Amusement Corporation, on June 9, 1949, for the express purpose of constructing on said tract an outdoor drive-in motion picture theatre and the operation of same; that after leasing the premises to the Skokie Amusement Corporation, plans and specifications for the construction of such theatre were prepared and filed with the building commissioner of said village, and on August 15, 1949, an application was made for a permit to construct an outdoor drive-in motion picture theatre upon the premises above described; that on August 16, 1949, the board of trustees of said village denied such application; that such refusal was not based upon any considerations of public welfare or safety or health or morals, but that such refusal

was arbitrary, capricious and wilful on the part of said village; that later, on September 12, 1949, the board of trustees adopted an amendment to the Skokie zoning ordinance, which by its provisions excludes the plaintiffs from erecting a motion picture theatre upon the said premises.

The answer of the defendants admits the general allegations of the complaint as to location and dimensions of the tract, as well as the charge that the area surrounding plaintiff's tract is either vacant or devoted to industrial use; admits the allegations as to the adoption of the comprehensive zoning ordinance of May 7, 1946; admits that plaintiffs filed an application for a building permit and the preparation of detailed plans and specifications; admits the allegations as to the action of the board of trustees at its regular meeting on August 16, 1949, and the passage of the amendment to the zoning ordinance on September 12, 1949. The other allegations of the complaint were generally denied or it was alleged that defendants did not have knowledge sufficient to admit or deny the truth thereof.

The defendants assert their position to be that the amending ordinance of the village of Skokie adopted on September 12, 1949, prohibits the construction and operation of an outdoor drive-in motion picture theatre in the "H" industrial district, and that, therefore, the use contemplated by the Skokie Amusement Corporation is unlawful; that the amending ordinance in controversy was adopted pursuant to the legislative grant of power to incorporated villages. They further insist that the refusal of the building permit was based upon considerations of public welfare, safety, health and morals and that it was a legitimate and reasonable exercise of the police power of the municipality.

In an amendment to the amended complaint filed March 20, 1950, to conform to the proofs, the plaintiffs alleged that in the said amending ordinance outdoor theatres were also prohibited from the "E" commercial district, which

had the effect of prohibiting the construction or operation of outdoor motion picture theatres within the city limits of Skokie, and was invalid as affecting plaintiff's property.

The village of Skokie is a suburban district north of the city of Chicago, and 500 feet north of Touhy Avenue. The property in question is in a heavy industrial district, located in the extreme southeastern section of the village and about one-half mile from the western boundary of the city of Chicago. At the corner of McCormick Boulevard and Touhy Avenue and immediately south of the tract in question there has been conducted for many years a riding stable upon a piece of land, almost wholly unimproved. At the southwest corner of Touhy Avenue and McCormick Boulevard is located a large baseball field and recreational district about one block in area, maintained by a large industrial company for its employees and neighboring industrial teams. In addition to the description of the area hereinabove stated and immediately adjoining plaintiffs' tract on the west is a piece of land improved with a factory building devoted to the manufacture of electrical products, and a tract containing bulk storage tanks and other facilities of the Socony-Vacuum Oil Company. There is a switch track or spur of the Chicago and North Western Railroad serving said industrial plants which passes within 200 feet of the northwest corner of plaintiffs' premises. Directly north is a large piece of vacant unimproved land now being used by National Brick Company for the removal of clay therefrom in connection with its manufacture of brick. The clay is removed from this tract by narrow gauge railroad cars running under McCormick Boulevard to the plant of the brick company directly across from plaintiffs' tract on the east side of McCormick Boulevard.

It can be readily seen that all the territory surrounding the tract of plaintiffs, with few exceptions, is either vacant unimproved land or premises devoted to heavy industrial plants.

The plaintiffs' testimony was voluminous, reciting in detail the purchase of the property, the sale of a portion thereof for industrial purposes, the attempted sale of the disputed tract to industry and the final leasing of same to the Skokie Amusement Corporation in reliance upon the zoning ordinance of May 7, 1946, and in force in June, 1949. They were advised by an attorney that the construction of an outdoor drive-in moving picture theatre was a permitted use under said ordinance. The plaintiffs further introduced evidence showing the preparation of plans and specifications for the proposed improvement, the negotiations held during the summer of 1949 with the board of trustees of the village of Skokie, up until plaintiffs' application for a building permit was denied on August 16, 1949; the adoption of the amending ordinance on September 12, 1949, by the terms of which the building of an outdoor moving picture theatre was excluded.

Under the terms of the lease between the trust company, as lessor, and the Skokie Amusement Corporation, as lessee, it was provided that no rent was received and that none would be payable, unless a building permit for an outdoor theatre was obtained.

The testimony on the part of defendants was largely that of experts. Russell H. Riley, who was a zoning expert and city planner by profession, had been employed by the village to draft amendments to the comprehensive zoning ordinance of 1946. He considered that the protection of industrial districts was a proper element for zoning and that the highest and best use for the plaintiffs' tract was for industrial purposes. His opinion was that the location of a drive-in theatre would have an adverse effect upon the surrounding industries traffic-wise. On cross-examination he agreed that such theatres are needed and that they should not be outlawed, but that he does not feel that they should be permitted everywhere. There was further testimony by real-estate experts that an outdoor theatre would

have a deterrent effect on the surrounding area. Other witnesses, including police officers, testified that the outdoor theatre would unduly increase traffic on McCormick Boulevard.

Defendant's witness Riley also testified that there was a total of 3760 acres of vacant land in Skokie as of 1945, about 57 per cent; that since 1945 about 72 acres of industrially-zoned area was improved by industry, and a substantial amount of residential growth. It would appear, however, that there are still several hundred acres of vacant, unimproved land available for industrial development, and ample vacant property for residential use in the village.

This court has many times been called upon to pass upon the problems of zoning ordinances which attempt to regulate the fringe areas of restricted districts. In *Quilici v. Village of Mt. Prospect,* 399 Ill. 418, it was stated that, "Municipalities may adopt zoning ordinances as an exercise of their police power and thereby may impose a reasonable restraint upon the use of private property. [Citing cases.] The ordinances must have a real, substantial relation to the public health, safety, morals or general welfare."

The controverted tract in this case is far removed from the residential area. The character of the neighborhood and the use to which nearby property is put may also be taken into consideration. *Forbes* v. *Hubbard,* 348 Ill. 166.

A careful examination of the testimony and the exhibits offered by both parties demonstrates quite clearly that the value of the manufacturing uses to which a great portion of the property in the area under consideration has been devoted would be diminished very slightly, if at all, by the construction and operation of a drive-in motion picture theatre at the location suggested.

The passage of the amendment to the Skokie zoning ordinance, adopted on September 12, 1949, after plaintiffs' application for a building permit had been denied, and after complaint had been filed, lead to the unescapable conclusion

that suddenly and without any reasonable explanation the amendment was adopted for the express purpose of outlawing the proposed theatre, an admittedly lawful business. It was aptly stated by the trial judge that, in the powers conferred upon municipal authorities, nowhere does the legislature grant to municipalities the power to wholly restrict a lawful business from their boundaries.

We conclude that the passage of the amendment to the zoning ordinance of the village of Skokie was unreasonable, arbitrary and had no firm basis in, or relation to, the public health, morals, safety or public welfare.

The judgment of the superior court of Cook County is affirmed.

*Judgment affirmed.*