THE LAKESIDE REALTY COMPANY *v.* TOWN OF BERLIN

SUPERIOR COURT     HARTFORD COUNTY     FILE NO. 105999

Memorandum filed November 27, 1956.

*Harry N. Jackaway,* of Kensington, for the plaintiff.

*Ericson, Politis & Gleason,* of New Britain, for the defendant.

COTTER, J. This is an action for a permanent injunction to restrain the defendant town and zoning commission from enforcing an ordinance and a request for a declaratory judgment determining its legal effect.

The plaintiff corporation owns thirty-nine acres of land located on route 5, known as the Berlin Turnpike, at the intersection of Deming Road in the town of Berlin. It is located in a business zone in which a theater is permitted. On April 11, 1956, at a special town meeting the following ordinance was adopted: "Section 1. No out-door or drive-in theater shall be constructed, maintained or operated within the territorial limits of the Town of Berlin. Section 2. This ordinance shall become effective in conformity with the requirements of the General

Statutes." It became effective May 15, 1956. The claim is that this ordinance is illegal because it is a zoning ordinance and as such can be adopted only by the zoning commission and furthermore that it is unconstitutional.

The evidence shows that the property upon which the plaintiff intended to construct and maintain an outdoor or drive-in theater consisted of most undesirable land which is of very poor quality. Its water table is high and it adjoins the Mattabassett River which is extremely polluted. Approximately 50 per cent of the town of Berlin is undeveloped farm land. The property in question was used for the manufacture of brick some thirty years ago and is undesirable as residential property. The testimony was clear that the use to which the plaintiff intended to put the land would be an improvement and would be beneficial to the surrounding property. There is business and industrial property in the vicinity of the plaintiff's land, extending a considerable distance in all directions. It is the claim of the defendant that the passage of the ordinance is a proper exercise of the police power.

The police power is a necessary prerogative and attribute of government. All property is held subject to the police power. *Meriden* v. *West Meriden Cemetery Assn.,* 83 Conn. 204, 207. "The police power of a State embraces regulations designed to promote the public health, the public morals, or the public safety, and also those designed to promote the public convenience or the general prosperity. . . . That does not mean that this great power of government is without limitation. State and Federal Constitution are its certain limitations, and State and Federal statute may be its limitation. Municipal building regulations may be justified as promotive of the public safety or the public health." *Ingham* v. *Brooks,* 95 Conn. 317, 328.

A municipality may impose reasonable restraint upon property under its exercise of the police power. Such a municipal regulation must be reasonable and have a rational relation to the health, safety, welfare and prosperity of the community. *Strain* v. *Mims,* 123 Conn. 275, 286; *Poneleit* v. *Dudas,* 141 Conn. 413, 417; *DeMars* v. *Zoning Commission,* 142 Conn. 580, 583; *Florentine* v. *Darien,* 142 Conn. 415, 423. "Zoning regulations constitute a valid exercise of the police power only when they have a 'rational relation to the public health, safety, welfare and prosperity of the community' and are 'not such an unreasonable exercise of [the police] power as to become arbitrary, destructive or confiscatory.' *State* v. *Hillman,* 110 Conn. 92, 100, 105, 147 A. 294. Whether a zoning ordinance meets this test must be determined in the light of existing conditions, in order that the purpose for which the police power is invoked may be promoted. *Euclid* v. *Ambler Realty Co.,* 272 U.S. 365, 387, 47 S. Ct. 114, 71 L. Ed. 303." *Corthouts* v. *Newington,* 140 Conn. 284, 288.

The town or municipality does not have the absolute power to restrict a lawful business from its boundaries. It must avoid an arbitrary, unreasonable and discretionary exercise of such power. *Miller* v. *Town Planning Commission,* 142 Conn. 265, 268. In *Gionfriddo* v. *Windsor,* 137 Conn. 701, the town of Windsor adopted a regulation preventing the use of any open lot or portion thereof for the sale or display of new or used motor vehicles in any zone. The Supreme Court emphatically stated (p. 706): "[W]e are constrained to hold that the ordinance in question in its present form is an 'unwarranted and arbitrary interference with the constitutional rights to carry on a lawful business.' *Dobbins* v. *Los Angeles,* 195 U.S. 223, 236, 25 S. Ct. 18, 49 L. Ed. 169." The Illinois Supreme Court has followed the same reasoning in a case similar to the

one at bar in which it considered the validity of an ordinance prohibiting such theaters. It held that such an ordinance attempted to outlaw an admittedly lawful business and that "nowhere does the legislature grant to municipalities the power to wholly restrict a lawful business from their boundaries." *People ex rel. Trust Co.* v. *Skokie,* 408 Ill. 397, 404; 58 Am. Jur. 1005, § 113, and Ann. Cum. Sup.

In this case, where much of the general area is vacant, is swamp land and unimproved, devoted in large measure to industrial and business uses and available for business and industrial uses, and where there is ample property in the town for residences, to prohibit such a use is unreasonable and arbitrary. *People ex rel. Trust Co.* v. *Skokie,* supra; *DeMars* v. *Zoning Commission,* 142 Conn. 580, 583; *Miller* v. *Town Planning Commission,* 142 Conn. 265, 268. The evidence fails to demonstrate that the drastic curtailment imposed is warranted. *Courthouts* v. *Newington,* 140 Conn. 284, 290.

One of the few reasons advanced to sustain the validity of the ordinance—that the roads in the rear leading into the back of the acreage were narrow and unsuitable for vehicular traffic—does not seem to be a substantial basis upon which to favor this ordinance. The determination of such an issue is one which has been reposed in the state traffic commission by statute. Cum. Sup. 1955, § 1408d. This provides in part as follows: "No person shall build, establish or operate any open air theater having an exit or entrance on, or abutting or adjoining, any trunk line or state aid highway within this state unless the person building, establishing or operating such open air theater shall have procured from the state traffic commission a certificate that the operation of such open air theater will not imperil the safety of the public. In determining the advisability of such certification, the state traffic commis-

sion shall include, in its consideration, highway safety, the width and character of the highways affected, the density of traffic thereon and the character of such traffic." The plaintiff, as required by statute, had applied and received permits from the state traffic commission, the state police department and the state water commission prior to April 11, 1956.

The court concludes that the adoption of this ordinance by the town of Berlin was unreasonable, arbitrary and had no firm basis in, or relation to, the public health, morals, safety or public welfare. The issues are found for the plaintiff. A permanent injunction may issue restraining the defendant town and the zoning commission from enforcing the ordinance.