(No. 37024.—

SUBURBAN READY-MIX CORPORATION, Appellee, *vs.* THE VILLAGE OF WHEELING, Appellant.

*Opinion filed September 28, 1962.*

SCHAEFER, J., concurring.

FRED WEISZMANN, of Northbrook, (YATES, FISK, HAIDER & BURKE, TOM L. YATES, and DONALD H. HAIDER, of counsel,) for appellant.

JOHN DEMLING, of Chicago, for appellee.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

After a trial in the circuit court of Cook County, an amendatory zoning ordinance of the village of Wheeling was declared void. The court also ordered a writ of *mandamus* to issue commanding the village and its appropriate officer to grant to petitioner, Suburban Ready-Mix Corporation, a permit for construction of a concrete ready-mix plant on its premises. The village appeals directly to this court, a constitutional issue being involved.

The tract of land upon which the appellee company desires to construct a ready-mix plant is situated in a district zoned for industrial uses. Adjacent to it are the premises of Meyer Coal and Material Company, upon which a large ready-mix concrete plant is in operation. The Meyer company applied for and received the permit for its plant in 1954. The following year the amendment in question was adopted whereby a concrete mixing plant, among other uses, was prohibited in an industrial district. As a result no such use, other than the Meyer operation, is permissible anywhere in the village.

On November 18, 1959, the appellee applied for a permit. When the application was denied by the building commissioner, appellee unsuccessfully sought relief from the village board of trustees. It then filed its petition for writ of *mandamus.* At the suggestion of the trial judge it applied to the zoning board of appeals for a review of the building commissioner's decision, but the board thereafter affirmed the denial of a permit. In the meantime appellee amended its complaint in the circuit court by adding a second count seeking declaratory relief. The trial court adjudged, *inter alia,* that "the Ordinance of the VILLAGE OF WHEELING passed and approved July 11, 1955, amending Article 9 'I' Industrial District Regulations, Section 2, Use Regulations of the Zoning Ordinance of the Village

of Wheeling by adding certain non-uses including concrete mixing plants and/or concrete mixing equipment is, and it hereby is declared to be void and unconstitutional."

To reverse the judgment the village contends, first, that the company failed to exhaust its administrative remedy because it did not apply for a variation and did not seek review of the zoning board decision under the Administrative Review Act. However, the rule requiring initial resort to administrative remedies has no application where, as here, it is claimed not merely that the particular application is unconstitutional but that the ordinance is unconstitutional in its terms. *Bank of Lyons* v. *County of Cook,* 13 Ill.2d 493; *Bright* v. *City of Evanston,* 10 Ill.2d 178, 184-185.

To sustain the judgment appellee argues that the ordinance is not general in its operation but is unreasonable and tends to create a monopoly. We agree. Although in form it is an ordinary zoning restriction, in its operation and effect it excludes from the village all ready-mix concrete plants except that of the Meyer company. It attempts to do indirectly what cannot be done directly. The law is well established that a prohibitory ordinance must be general and uniform in its operation, and that if it tends to create a monopoly it cannot be sustained. *Chicago Title & Trust Co.* v. *Village of Lombard,* 19 Ill.2d 98.

In *City of Chicago* v. *Rumpff,* 45 Ill. 90, the city had been given the power to regulate and direct the location of slaughter houses and certain other establishments. Purporting to act pursuant thereto the city adopted an ordinance giving one company the exclusive right to have all the slaughtering in the city (except that done at the regular packing houses for packing purposes) done on its premises. In striking down the ordinance we said: "That the common council had the right, under the large powers conferred by the charter, to so regulate the business of slaughtering animals as to prohibit its exercise, except in a particular portion of the city, leaving all persons free to erect slaugh-

tering houses, and to exercise the calling at the place designated, cannot be controverted. But an ordinance confining such a business to a small lot, or even a particular block of ground, is unreasonable, and tends to create a monopoly. * * * We regard it neither as a regulation nor a license of the business, to confine it to one building, or to give it to one individual. Such action is oppressive, and creates a monopoly that never could have been contemplated by the general assembly. It impairs the rights of all other persons, and cuts them off from a share in not only a legal but a necessary business."

In *Tugman* v. *City of Chicago,* 78 Ill. 405, an ordinance was condemned which declared that within a certain described territory "no distillery, slaughter house, rendering establishment or soap factory shall be erected or put into operation in any building not now used for such purpose." We pointed out that under the facts in the case its direct tendency was to create a monopoly:

"The fact that certain persons were engaged in the business within the district designated in the ordinance at the time of its adoption, gave them no right to monopolize the business, nor would such fact authorize the board of health to provide that such persons might continue the avocation, while others should be deprived of a like privilege who should engage in the business at a later period.

"If the board of health had any power to adopt an ordinance on the subject, the ordinance, to be valid, should not discriminate in favor of any citizen. If it prohibited one from carrying on the business, that prohibition should extend to all, regardless of the time the business may have been commenced.

"A regulation of this character, to be binding upon the citizen, must not only be general, but it should be uniform in its operation."

In *People ex rel. Keller* v. *Village of Oak Park,* 266 Ill. 365, an ordinance prohibiting public garages in certain

residential districts was upheld because it did not discriminate in favor of existing garages but "as clearly applies to public garages then in operation as to those to be subsequently opened."

Even if it did not operate to create a monopoly, in view of the existing plant, the ordinance in the case at bar exceeds the limits of the powers delegated by statute. In its effect it does not merely classify for the purpose of location but excludes or prohibits from all districts. Such a prohibition is beyond the authority prescribed by the statute. Under the applicable provisions the village is authorized to divide the municipality into districts and to prohibit uses "incompatible with the character of such districts." (Ill. Rev. Stat. 1961, chap. 24, par. 11—13—1.) There is no intimation that the ready-mix concrete business is not a lawful one, and as this court observed in *People ex rel. Trust Company of Chicago* v. *Village of Skokie*, 408 Ill. 397, "nowhere does the legislature grant to municipalities the power to wholly restrict a lawful business from their boundaries." (See, also, *People ex rel. Busching* v. *Ericsson*, 263 Ill. 368, 374.) Moreover, there is nothing about a ready-mix concrete plant that is "incompatible with" an industrial district, so as to justify a municipality in prohibiting it therefrom.

Since the amendatory ordinance in this case purports to exclude a number of other uses, none of which is involved here, the judgment of the circuit court was too broad in declaring it void in its entirety. The judgment is modified so as to declare the amendatory ordinance invalid insofar as it prohibits concrete mixing plants and/or concrete mixing equipment. As so modified the judgment is affirmed.

*Judgment modified and affirmed.*

Mr. JUSTICE SCHAEFER, concurring:

I am not prepared to rule, as the majority opinion may be read to imply, that every municipality in the State, re-

gardless of its size, its established character, or the accessibility of available areas outside its borders, must make place within its boundaries for every conceivable industrial use of land not unlawful *per se,* and for an unlimited number of users in every permitted class. The contrary views that have been expressed seem persuasive to me. See *Duffcon Concrete Products, Inc.,* v. *Borough of Cresskill,* 1 N.J. 509, 64 A.2d 347 (1949); *Valley View Village* v. *Proffet,* 221 F.2d 412 (6th Cir. 1955); *Town of Hobart* v. *Collier,* 3 Wis.2d 182, 191, 87 N.W.2d 868, 873 (1958) (dissenting opinion).

Since a landowner adjoining the plaintiff has been allowed to carry on the ready-mix concrete business and was given permission to expand his installations after the effective date of the amendment prohibiting the use, I concur in accepting the trial court's finding that the ordinance, in the circumstances of this application, is arbitrary and void.