Marie S. Nehrbass, Plaintiff-Appellant, v. The Village Tavern of Long Grove, Inc., an Illinois Corporation, Defendant-Appellee.

Gen. No. 67–172.

Second Judicial District.

January 20, 1969.

Hubachek, Kelly, Miller, Rauch & Kirby, William T. Kirby, and Alan O. Amos, of Chicago, for appellant.

Kaufman, Wasneski and Yastrow, of Waukegan, for appellee.

MR. PRESIDING JUSTICE ABRAHAMSON delivered the opinion of the court.

This is an appeal from the Circuit Court of Lake County. The action was brought by plaintiff pursuant to c 24, § 11–13–15 (Ill Rev Stats 1967) against the defendant to enjoin an alleged violation of the Zoning Ordinance of the Village of Long Grove, Illinois. No questions were raised on the pleadings. The case was submitted to the trial judge on a "Stipulation of Uncontested Facts." Plaintiff appeals from the trial court's dismissal of her complaint.

Marie S. Nehrbass, plaintiff, owns a dress shop and a restaurant in the Village of Long Grove, immediately adjacent to the premises owned by defendant and upon which defendant operates a tavern and restaurant known as the Village Tavern. At the time the zoning ordinance in question was adopted, on November 18, 1957, the frame building on the defendant's property was being used as a tavern and restaurant and continues to be so used. Defendant acquired the premises known as the Village Tavern in June of 1962. It also acquired a vacant parcel of land between the tavern and plaintiff's building. The trial court found that:

> "In 1963 defendant sought and obtained a building permit for an 'addition for the Village Tavern' and in accordance with the plans and specifications submitted to the Village constructed a one-room addition to his existing frame building. Such construction externally gives the appearance of two additional and

393

separate store fronts, but internally consists of one large room with ingress to the existing frame building through an arch opening eight feet by seven feet. The new construction was occupied from the date of completion until July 15, 1964, by three tenants and thereafter defendant took possession and installed tables in the new addition and is now serving alcoholic beverages and food in said addition with kitchen and bar facilities located in the old building . . . ."

It is plaintiff's position that defendant is operating in violation of *Section III E* of the ordinance which provides that no building or tract of land shall be devoted to any use other than one which is specified as permitted or special use in *Section VI* in the zoning district. In the alternative, plaintiff argues that *Section VI B–2 g* is unconstitutional and therefore the Village Tavern is a nonconforming use and may not be expanded.

Defendant denies any violation of the Long Grove Zoning Ordinance and contends that plaintiff, having shown no special damages, lacks a standing to sue and, further, may not use c 24, § 11–13–15 (Ill Rev Stats 1967) as a vehicle for attacking the validity of the zoning ordinance.

Long Grove is a small village in Lake County with a distinctly rural atmosphere. In the Preamble of its Zoning Ordinance it stressed that the Village was incorporated for the purpose of preserving a semirural mode of living. The Zoning Ordinance created two residential districts, both single-family, one providing for not less than three acres per residence, the other not less than two acres per residence. Two business districts were created, one designated as the "Antique Center" and the other as a local shopping center. The provisions delineating the Antique Center provide as follows:

"B. ANTIQUE CENTER

"1. General Conditions

"a) Each business establishment is restricted to not more than 5000 square feet of floor area.

"2. Permitted Uses—B1 District

"a) Antique Shops

"b) Art and School Supply Stores and Studios

"c) Gift Shops

"d) Professional Offices

"e) Restaurants and Tea Rooms

"f) Accessory uses

"g) One tavern, an existing use."

The provisions covering the local shopping center provide for barbershops, beauty parlors, candy and ice-cream stores, clothes pressing establishments, dry-goods stores, drugstores, dry-cleaning and laundry receiving stations, food stores, grocery stores, meat markets, bakeries and delicatessens, garden supply and seed stores and businesses of similar character. No taverns are permitted.

The reasoning behind plaintiff's first contention seems to be that since the expansion of the permitted use took place, at least in part, on a piece of adjoining property, that this was a violation of the zoning ordinance. This reasoning implies that the zoning ordinance has not zoned a district in which various uses may exist but has zoned the area on a lot to lot basis. The rationale of plaintiff's alternative argument is that the zoning ordinance, by using the phrase "one tavern" is attempting to create a monopoly, which it may not do, and that the ordinance

insofar as it refers to the tavern is void and therefore the Village Tavern is a nonconforming use and may not be expanded or enlarged.

In support of this contention plaintiff cites Suburban Ready-Mix v. Village of Wheeling, 25 Ill2d 548, 185 NE2d 665. In that case the Village Zoning Ordinance in its industrial district had provided for concrete ready-mix plants. At the time there was only one concrete ready-mix plant in operation in the Village. Subsequently, an amendment to the Zoning Ordinance was adopted prohibiting concrete mixing plants in an industrial district. Plaintiff, who owned property adjacent to the existing concrete mixing plant, applied for permission to construct a concrete mixing plant on his property, which permission was denied. The trial court held that the amendatory ordinance was invalid, as a zoning ordinance should not discriminate in favor of any citizen, and that this ordinance created a special privilege. The Supreme Court on appeal held that the amendatory ordinance was not void in its entirety but was merely invalid insofar as it prohibited concrete mixing plants within the industrial area. The Court did not, as plaintiff would have us do, invalidate a portion of the ordinance relating to the existing concrete mixing plant; it simply held that it was invalid as to others who wished to operate similar plants in areas zoned industrially. In that case the Supreme Court said at p 552:

> "Even if it did not operate to create a monopoly, in view of the existing plant, the ordinance in the case at bar exceeds the limits of the powers delegated by statute. In its effect it does not merely classify for the purpose of location but excludes or prohibits from all districts. Such a prohibition is beyond the authority prescribed by statute. Under the applicable provisions the village is authorized to divide the municipality into districts and to prohibit

396

uses 'incompatible with the character of the districts.' (Citation omitted.) There is no intimation that the ready-mix concrete business is not a lawful one, and as this court observed in People ex rel. Trust Company of Chicago v. Village of Skokie, 408 Ill 397, 'nowhere does the legislature grant to municipalities the power to wholly restrict a lawful business from their boundaries.' (Citation omitted.) Moreover, there is nothing about a ready-mix concrete plant that is 'incompatible with' an industrial district, so as to justify a municipality in prohibiting it therefrom.

"Since the amendatory ordinance in this case purports to exclude a number of other uses, none of which is involved here, the judgment of the circuit court was too broad in declaring it void in its entirety. The judgment is modified so as to declare the amendatory ordinance invalid insofar as it prohibits concrete mixing plants and/or concrete mixing equipment."

Applying the rationale of the above decision to the zoning ordinance before us would not require us to hold that the ordinance is unconstitutional with regard to its reference to taverns and therefore the Village Tavern is a nonconforming use which may not be expanded, but rather it would lead us to hold that, to the extent the ordinance attempts to exclude the establishment of other taverns in this district, it is unconstitutional and therefore anyone securing the necessary license from the Liquor Control Board would have the right to operate a tavern within this particular zoning district. The Village Tavern, being a conforming use, could be expanded in the same manner as any other conforming use could be expanded.

In view of our finding that the enlargement of the Village Tavern is not prohibited by the zoning ordinance

of the Village of Long Grove, we need not consider the various contentions of the defendant with regard to the standing of the plaintiff to have maintained this action.

The judgment of the trial court is affirmed.

Judgment affirmed.

MORAN and DAVIS, JJ., concur.