DOLSON OUTDOOR ADVERTISING CO., Plaintiff-Appellee, *v.* THE CITY OF MACOMB, Defendant-Appellant.

Third District   No. 76-126

Opinion filed February 25, 1977.

Bruce J. Biagnini, of Macomb, for appellant.

Downing, Smith, Jorgensen & Uhl, of Decatur (James A. Uhl, of counsel), and Berry, Leighty & Simshauser, of Macomb, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Plaintiff, Dolson Outdoor Advertising Co., brought this action in the circuit court of McDonough County against the defendant, City of Macomb, seeking a declaratory judgment that a city ordinance was invalid. The trial court held the ordinance was invalid and the city has appealed.

The City of Macomb through its zoning authority enacted Ordinance 898 of the Municipal Code. Ordinance 898 is a comprehensive zoning ordinance which divides Macomb into districts and regulates the uses allowed in those districts. As part of this regulation, Ordinance 898 draws a distinction between off-premise and on-premise advertising. The two classes are afforded different standards with the result being that off-premise advertising is excluded from industrial and business districts of the city, while on-premise advertising is allowed in those districts.

In December of 1973, the plaintiff, Dolson Outdoor Advertising Co., entered into a lease with William Hagerty of Macomb. The lease provided for the leasing of space for the purpose of construction of an

off-premise advertising sign in a district described in the zoning ordinance as I-1 Light Industrial District. Dolson applied for and was granted a permit from the Illinois Department of Transportation for the erection of the off-premise outdoor advertising sign to be located on the real estate pursuant to the provisions of the Illinois Highway Advertising Control Act of 1971 (Ill. Rev. Stat. 1973, ch. 121, par. 501 *et seq*.). Next, on July 9, 1975, Dolson submitted to the Office of Zoning and Building of the City of Macomb an application for a building permit for such sign to be located at the site of the real estate. On the same date the application was denied by the Building Inspector for the reason "off-premise advertising structure not allowed in I-1 Industrial Zone."

Prior to trial the parties entered into a written stipulation as follows:
"(a) The effect of the Zoning Ordinance of the City of Macomb is to prohibit all off-premise outdoor advertising signs in business and industrial zoned districts within the City. An off-premise outdoor advertising sign is a sign which advertises products or services not sold or offered on the land upon which the sign is located;

(b) The City of Macomb has a population of 22,304 people;

(c) Dolson's business is that of standardized general outdoor advertising. The company leases land upon which outdoor advertising devices are placed. The signs principally offered by the company are off-premise signs. The business includes selling or donating space on billboards for commercial, political or social messages;

(d) That all outdoor advertising signs owned by Dolson in the City of Macomb are located in areas zoned for business or industrial purposes under the Zoning Ordinance of the City, and are within the application of the Highway Advertising Control Act;

(e) The gross annual income received by Dolson from outdoor advertising signs located in the City is in excess of $12,000.00."

In its complaint for declaratory relief, the plaintiff sought to have the City of Macomb ordinance declared invalid insofar as it prohibited off-premise advertising in business and industrially zoned districts. The trial court determined the ordinance was invalid insofar as it prohibited off-premise advertising in business and industrially zoned districts. The trial court determined the ordinance was invalid because it was contrary to the Illinois Highway Advertising Control Act of 1971 (Ill. Rev. Stat. 1973, ch. 121, par. 501 *et seq*.). We affirm.

■■ Each of the parties has advanced numerous constitutional arguments in support of and against the ordinance. Such arguments were unnecessary to the trial court's decision and consequently no discussion of such constitutional issues is required in this opinion.

■■ As an initial assignment of error, the City argues that the trial court

erred in determining that an actual controversy existed between the parties, a prerequisite for seeking and awarding declaratory relief (Ill. Rev. Stat. 1973, ch. 110, par. 57.1). The City's principal objection in this regard is its claim that the lease between Dolson and Hagerty contained a contingency clause dependent upon the securing of permits by Dolson. We agree with the trial court's finding that an actual controversy existed since in our opinion the interest disclosed by the lease was sufficient to enable the plaintiff to apply for and secure a permit. (See *People ex rel. Trust Co. v. Village of Skokie*, 408 Ill. 397, 97 N.E.2d 310.) It is undisputed that Dolson made payments pursuant to the lease and also the permit was refused not because of any lack of interest in the premises by Dolson, but solely for the reason that the zoning ordinance prohibited such use in the area described in the application.

To sustain the validity of the ordinance, the City next argues its ordinance is authorized by and in accord with the Highway Advertising Control Act (Ill. Rev. Stat. 1973, ch. 121, par. 501 *et seq.*) and the trial court erred in holding to the contrary. We do not agree.

The enactment of the Illinois Highway Advertising Control Act was precipitated by the Federal Highway Beautification Act of 1965 (23 U.S.C. § 131 (1970)). The Federal act generally required that States enact legislation regulating outdoor advertising signs if the States were to continue to receive full Federal aid in certain categories, otherwise such aid would be reduced by 10 percent.

The original draft of the Highway Advertising Control Act of 1971 was introduced on October 14, 1971, at the 77th General Assembly as House Bill 3680. The draft at section 1 contained only the first paragraph of the later enacted "Legislative Finding and Declaration." Further, the original draft, at section 8, stated that no sign may be erected which did not comply with all municipal zoning ordinances as locally interpreted and enforced. In addition, section 9 of the bill stated that the determination of local zoning authority as to size, lighting and spacing shall control in lieu of section 6 of the bill.

Amendment No. 2 to House Bill 3680 was adopted October 28, 1971. This amendment added the second paragraph to the "Legislative Finding and Declaration." The amendment also eliminated section 8 of the original bill and changed section 9 to require municipal regulations, as to size, lighting and spacing, to comply with the intent of the Act and with customary use. This was the form of these sections as finally enacted by the General Assembly.

Section 7 of the Highway Advertising Control Act of 1971 (Ill. Rev. Stat. 1973, ch. 121, par. 507) provides:

> "In zoned commercial and industrial areas, whenever a State, county or municipal zoning authority has adopted laws or

ordinances, which include regulations with respect to the size, lighting and spacing of signs, which regulations are consistent with the intent of this Act and with customary use, then from and after the effective date of such regulations, and so long as they shall continue in effect, the provisions of Section 6 shall not apply to the erection of signs in such areas."

In asserting that its ordinance is in accord with the legislative provisions regarding control of off-premise advertising, the major thrust of the City's argument is that the legislation itself discloses the legislative intention to restrict outdoor advertising. It follows, according to the City, that since the intention of the legislation is restrictive or limiting, the authority granted to a municipality should be interpreted as authorizing even more restrictions on outdoor advertising, including prohibition of the construction of off-premise signs. In its brief, the City refers to its authority to prohibit selectively off-premise signs, a characterization which is contrary to the specific terms of the ordinance. The ordinance prohibits off-premise signs in the only areas in which the construction of such signs is authorized by the State act. Hence, so far as the ordinance is concerned, there is no selective prohibition, but rather a blanket prohibition against off-premise signs.

Section 1 of the Highway Advertising Control Act of 1971 (Ill. Rev. Stat. 1973, ch. 121, par. 501) provides:

"The General Assembly finds and declares that the erection and maintenance of outdoor advertising signs, displays, and devices in areas adjacent to Interstate highways and primary highways should be regulated in order to protect the public investment in such highways, to promote the recreational value of public travel, to preserve natural beauty and to promote the reasonable, orderly and effective display of such signs, displays and devices.

The General Assembly further finds and declares that outdoor advertising is a legitimate, commercial use of private property adjacent to roads and highways; that outdoor advertising is an integral part of the business and marketing function, and an established segment of the national economy which serves to promote and protect private investments in commerce and industry and should be allowed to operate in business areas; and that the regulatory standards set forth in Section 6 of this Act are consistent with customary use in this State and will properly and adequately carry out each and all of the purposes of this Act, more severe restrictions being inconsistent with customary use and ineffective to accomplish the purposes of this Act."

Section 14.01 of the Highway Advertising Control Act of 1971 (Ill. Rev. Stat. 1975, ch. 121, par. 514.01), effective October 1, 1975, provides:

"The Department may establish rules and regulations regarding implementation and enforcement of this Act, which regulations are not inconsistent with the terms of this Act; provided however, that the Department may not add to, or increase the severity of the regulatory standards set forth in Section 6 of the Act, as now or hereafter amended."

■■ We believe it is clear from the provisions of the statute quoted, as well as from other provisions, that off-premise advertising is not only permitted, but specifically authorized by the Act and consequently we are unable to find any provision in the Act which authorizes non-home-rule municipalities to prohibit off-premise advertising signs within the limits of the municipality. Where the General Assembly has established applicable standards governing the regulation of certain areas, municipalities are not generally authorized to enact more restrictive regulations in the absence of specific authority to do so. *American Smelting & Refining Co. v. County of Knox*, 60 Ill. 2d 133, 324 N.E.2d 398.

In *People ex rel. Trust Co. v. Village of Skokie*, 408 Ill. 397, 97 N.E.2d 310, the village, by amendments to its zoning ordinance, attempted to exclude the construction of outdoor movie theatres from any of the areas within the village limits. In holding that the amendments to the ordinance were invalid because arbitrary and unreasonable, the court observed that in the powers conferred upon municipal authorities, nowhere does the legislature grant to municipalities the power to wholly restrict a lawful business from their boundaries. Again, dealing with general zoning powers, the court in *Suburban Ready-Mix Corp. v. Village of Wheeling*, 25 Ill. 2d 548, 185 N.E.2d 665, quoted with approval the foregoing reasoning in the *Village of Skokie* case. In *Suburban Ready-Mix* the court was principally concerned with an ordinance which, in its effect, created a monopoly in an existing ready-mix business by excluding such businesses thereafter from any district, but its observation concerning the absence of authority to exclude legitimate businesses from the village limits was intended to buttress its initial reasoning as well as offer advice on the limitation of the zoning powers.

In conclusion, we find that the prohibition of off-premise signs from its business zoning districts is contrary to the authority conferred upon the city by the Highway Advertising Control Act and consequently the ordinance is invalid in this respect.

For the foregoing reasons the judgment of the circuit court of McDonough County is affirmed.

Judgment affirmed.

ALLOY, P. J., and BARRY, J., concur.