NATIONAL ADVERTISING COMPANY, Plaintiff-Appellee, v. THE VIL-LAGE OF DOWNERS GROVE *et al.,* Defendants-Appellants (Opus Corporation, Defendant; La Salle National Bank, Intervenor-Defendant).—OUT-DOOR ADVERTISING ASSOCIATES, L.P., *et al.,* Plaintiffs-Appellees, v. THE VILLAGE OF DOWNERS GROVE, Defendant-Appellant (Patrick Media Group, Inc., Intervenor and Plaintiff-Appellee).

Second District   Nos. 2—87—0184, 2—87—0412 cons.

Opinion filed February 9, 1988.

Kathleen F. Brenniman, of Downers Grove (Barbara J. Gosselar, of counsel), for appellants.

Robert J. Weber, Ltd., of Chicago (Robert J. Weber, of counsel), for appellee Patrick Media Group, Inc.

Jean Marie R. Pechette, of Gordon & Glickson, and Jacqueline W. Vlaming, of Altheimer & Gray, both of Chicago (Sanford M. Stein, of counsel), for other appellees.

Kip Randolph Pope, of Harrington, Porter & Pope, of Champaign, for *amicus curiae* Outdoor Advertising Association of Illinois.

Harlan J. Spiroff and Kenneth T. Kubiesa, both of Kubiesa & Power, Ltd., of Westmont, for *amicus curiae* Du Page Mayors & Managers Conference, Inc.

JUSTICE NASH delivered the opinion of the court:

In these consolidated cases defendant, Village of Downers Grove, seeks reversal of declaratory judgments entered in favor of plaintiffs, National Advertising Company and Outdoor Advertising Associates, which found that the State statute regulating outdoor commercial advertising signs preempts the more restrictive regulation of such signs by a municipality.

At issue in these cases is the Highway Advertising Control Act of 1971 (Ill. Rev. Stat. 1985, ch. 121, par. 501 *et seq.*) and article IX of the zoning ordinance of the Village of Downers Grove, a home rule unit.

The plaintiffs in these causes (hereinafter referred to as the advertisers) are engaged in the business of advertising through the use of outdoor signs. The advertisers sought to construct or maintain outdoor signs adjoining a Federal-aid primary highway within Downers Grove, but were prevented from doing so because the proposed signs were larger in size than permitted by the village sign ordinance. The advertisers, and The Outdoor Advertising Association of Illinois in its *amicus curiae* brief, contend that the Illinois Highway Advertising Control Act of 1971 prohibits a municipality from enacting stricter limitations on highway signs than those set forth in the Act. Defendant, the Village of Downers Grove, and the Du Page Mayors and

Managers Conference, Inc., in their *amicus curiae* brief, contend that the Highway Advertising Control Act does not preempt stricter regulation of outdoor advertising signs by municipalities. The trial court found in each case that the State statute preempted local regulations which were inconsistent with it, and these appeals followed.

We first note that the Illinois Highway Advertising Control Act of 1971 was adopted by the Illinois legislature pursuant to the Highway Beautification Act of 1965 (23 U.S.C. §131 *et seq.* (1970)), which is sometimes referred to as the Lady Bird Bill, and was enacted by Congress for the express purpose of controlling outdoor advertising signs near highways. (23 U.S.C. §131(a) (1970).) The Federal act required that the States enact legislation regulating outdoor advertising signs in order to preserve Federal funding for State highways.

The pertinent provisions of the Highway Advertising Control Act of 1971, for purposes of this appeal, are sections 1, 6, 6.01, 6.02, 6.03, and 7 (Ill. Rev. Stat. 1985, ch. 121, pars. 501, 506, 506.01, 506.02, 506.03, 507). Section 1 provides as follows:

> "The General Assembly finds and declares that the erection and maintenance of outdoor advertising signs, displays, and devices in areas adjacent to Interstate highways and primary highways should be regulated in order to protect the public investment in such highways, to promote the recreational value of public travel, to preserve natural beauty and to promote the reasonable, orderly and effective display of such signs, displays and devices.
>
> The General Assembly further finds and declares that outdoor advertising is a legitimate, commercial use of private property adjacent to roads and highways; that outdoor advertising is an integral part of the business and marketing function, and an established segment of the national economy which serves to promote and protect private investments in commerce and industry and should be allowed to operate in business areas; and that *the regulatory standards set forth in Section 6 of this Act are consistent with customary use in this State and will properly and adequately carry out each and all of the purposes of this Act, more severe restrictions being inconsistent with customary use and ineffective to accomplish the purposes of this Act.*" (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 121, par. 501.)

Section 6 of the Act sets forth requirements regulating the size, number of signs, lighting and spacing of sign structures and their proximity to highways (Ill. Rev. Stat. 1985, ch. 121, pars. 506, 506.01,

506.02, 506.03), and section 7 of the Act provides as follows:

"In zoned commercial and industrial areas, whenever a State, county or municipal zoning authority has adopted laws or ordinances, which include regulations with respect to the size, lighting and spacing of signs, *which regulations are consistent with the intent of this Act and with customary use,* then from and after the effective date of such regulations, and so long as they shall continue in effect, the provisions of Section 6 shall not apply to the erection of signs in such areas." (Emphasis added.) Ill. Rev. Stat. 1985, ch. 121, par. 507.

The Downers Grove sign ordinance permits outdoor advertising signs only in business-zoned districts and prohibits signs in excess of 200 square feet in size, and 20 feet in height. The ordinance further regulates the spacing of signs by establishing setback and yard requirements, and places an overall limitation on signs for any given lot based on the amount of frontage of the lot on public rights-of-way. There is no dispute between the parties that the village sign ordinance imposes substantially stricter limitations on the size and location of outdoor advertising signs than those imposed by the Illinois General Assembly under section 6 of the Highway Advertising Control Act of 1971.

The resolution of the preemption issue presented by these appeals involves an examination of somewhat conflicting authority. The Appellate Court for the Third District has held that a non–home-rule municipality cannot bar outdoor advertising signs as that is prohibited by the Highway Advertising Control Act of 1971. (*Dolson Outdoor Advertising Co. v. City of Macomb* (1977), 46 Ill. App. 3d 116, 121, 360 N.E.2d 805.) The United States Court of Appeals for the Seventh Circuit considered the issue in the context of a civil rights action and extended the *Dolson* holding to apply also to home rule municipalities. The Federal court also concluded that the Highway Advertising Control Act of 1971 did preempt local municipal regulation of the size or prohibition of outdoor advertising signs. *National Advertising Co. v. City of Rolling Meadows* (7th Cir. 1986), 789 F.2d 571, 575-77.

However, the Appellate Court for the Fourth District has rejected the preemption arguments advanced in *Dolson* and *National Advertising Co.*, and by plaintiffs in this case, holding that the conflict between section 1 and section 7 of the Act should be resolved so as to permit a municipality to more strictly regulate the size, lighting, and spacing of advertising signs. (*Dingeman Advertising, Inc. v. Village of Mt. Zion* (1987), 157 Ill. App. 3d 461, 465, 510 N.E.2d 539, *appeal denied* (1987), 118 Ill. 2d 552.) We agree with the reasoning and con-

clusion of the court in *Dingeman Advertising, Inc.* and reverse the judgments of the circuit court in the present cases.

As the *Dingeman* court has noted, in an effort to preserve the receipt of Federal highway funds, yet still address the interest of the advertising sign industry in erecting more and larger billboards and the interest of municipalities in restricting their use near the highways, a conflict was inadvertently written into the Highway Advertising Control Act. In resolving the conflict between section 1 of the Act, which protects the advertising industry, and section 7, which offers protection to a municipality which wishes to place additional limitations on billboards, we agree with the *Dingeman* court that section 7 should control, in the absence of any legislative determination of which conflicting interest should prevail. The enactment of more restrictive local advertising sign regulations by a municipality would not jeopardize the continued receipt of Federal highway funds, and it was for that purpose the legislature adopted the Highway Advertising Control Act so as to comply with the requirements of the Highway Beautification Act of 1965 (23 U.S.C. §131 (1982)).

Accordingly, the judgments of the circuit court in these consolidated cases are reversed.

Reversed.

REINHARD and WOODWARD, JJ., concur.